U.S. District Court Northern District of Indiana
USDC Northern Indiana (South Bend)

Wayne E. Wilkerson,
Plaintiff,

v.

Miami Corr. Facility,
Defendant(s)

Case No: 3:22-CV-00421-RLM-MGG

-FILED-
SEP 26 2022
At _____
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## Motion for Leave to Amend Civil Complaint

Comes Now the pro se plaintiff and submits his Request for Leave to amend his Civil Complaint in the following ways:

- Plaintiff would first like to bring to the courts attention that He never received this Courts order setting a deadline of Sept. 12th, 2022, in order to submit this Amendment Request. Plaintiff would never have known about the Order but for his neighbor looking the case up on his tablet on the LEXIS NEXUS the facility provides, the Plaintiff does not possess a tablet at this time due to staff losing it.

   Either the Clerk of this Court failed to mail the Order or the officers at the facility who control legal mail delivery intentionally withheld said legal mail.

### Amendments

1.) Defendant #1: Mr. Johnson, (D.I.I. ofc.)

1 of 7

Defendant #2: Warden Hyatt (Superintendant)
Defendant #3: Mr. Byrum, (Unit Team Manager.)
Defendant #4: Zone Captains (~~pm~~ BOTH /Am Bracket)

Address for Defendants #1-3:   Miami Corr. Facility
3038 W. 850 South
Bunker Hill, IN
46914

## BRIEF and Memorandum of Law in Support

Prison officials have the duty to not only provide the necessities of life to prisoners, prison officials have a general duty to use reasonable care to prevent injuries to their prisoners. Failure to exercise such care is negligence, and a prison official will be liable in damages for the injuries caused by his or her negligence. Collenburg v. County of Los Angeles, 150 Cal. App. 2d 795, 310 P.2d 987 (1957); Moore v. Murphy, 254 Iowa 969, 119 N.W. 2d 759 (1963). A prisoner, like any other person, has the right to be free from offensive bodily contact that is intentionally inflicted upon him. Fernelius v. Pierce, 22 Cal. 2d 226, 138 P.2d 12 (1943); Farmer v. Rutherford, 136 Kan. 298, 15 P.2d 474 (1932); Bowman v. Hayward, 1 UTAH 2d 131, 262 P.2d 957 (1953). On 2-10-22, the Plaintiff requested Protective Custody and was required to fill out a (P.C.) form explaining why he needed protection and ultimately the Zone Captain of that (AM) bracket has

2

the last say on what to do and per idoc policy and procedure, the plaintiff was to be placed on Administrative Segregation and a D.I.I. (Internal Affairs) officer was supposed to determine the seriousness of the threat after a thorough investigation, (See, Exhibit A), but that did not happen. After being sexually and physically threatened again on 2/12/22, the Plaintiff filled out another request for Protection and the (PM) bracket Captain also failed to adhere to Policy and Procedure and, on 2/13/22, the plaintiff was brutally beaten and raped by two (2) inmates and had these Zone Captains done there jobs properley the Assault and Rape that occured on Febuary 13, 2022, would never have happened. The due process of law under both the 5th and 14th Amendments of the U.S. Constitution have been couched in terms of the prisoner's right to be free from an abuse of discretion on the part of prison administrators. On 2/14/22 the plaintiff reported the Rape and asked for protection again and Warden Hyatte was notified and the Plaintiff was taken to a hospital in Kokomo, IN. and Semen was collected as physical evidence. On 2/15/22 the plaintiff was taken back to prison and Placed in a Disciplinary Seg Unit and was told that Mr. Hyatte had placed him on Protective Custody pending transfer, which had that been true, would have protected the plaintiff from the 2nd Rape but defendant Hyatte did no such thing and ultimately failed to protect the plaintiff from the next rape which violated the Plaintiffs 8th Amendment Rights for failure to protect protected by the U.S Constitution, because he was deliberately indifferant, just as the Zone captains had been, to the Substantial risk that the plaintiff would be sexually assaulted. Malone V. Kahle, 477 F.3d 544 (8th Cir. 2007). On March 23rd, 2022, Mr. Johnson, who

3

is a D.I.I. Internal Investigator came to see the Plaintiff and assured the plaintiff that he and his office of Internal Affairs would make sure the plaintiff was not placed back into general population at the Miami Corr. Facility again and was given the identities of the inmates who had assaulted and raped the Plaintiff and the Plaintiff also pointed them out on a video that was shown to him by Mr. Johnson But, the very next day the Plaintiff was informed that Unit Team Manager Byrum, who controls who is released back to general population from the Segregation Unit and who also knows the circumstances that caused the plaintiff to be placed in his unit because he is required to know which also means that he would have also known to either get approval to release the Plaintiff or that No one had done anything to restrict the Plaintiff from being placed back into general population and either way each defendant is liable under the 8th Amendment for denying the Plaintiff human conditions of Confinement by disregarding an excessive risk to the plaintiffs health and safty because all were aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed and all failed to either investigate the rapes, eventhough they knew of threat or that Plaintiff had been raped, or take disciplinary action against the inmates that committed these acts and as was held by the Supreme court in Farmer v. Brennan:

"Gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency." Citing, Farmer v. Brennan, 511 U.S. 825 (1994).

The 8th Amendment to the Constitution mandates that prison

4

officials not only maintain human conditions of Confinement but also mandates that they take reasonable measures to guarantee the safety of prisoners. Their duty includes protecting prisoners from violence at the hands of other prisoners and as was held in *Farmer V. Brennan*: " Having stripped prisoners of virtually every means of Self-Protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer V. Brennan*, 511 U.S. 825 (1994).

However, letting the "State of Nature take its Course" is Exactly what defendant Hyatt, Byrum, and Johnson did when they moved the plaintiff, and allowed him to be moved, back to general population on March 25th, 2022, and what the Zone (AM & PM) Captains did by denying the Plaintiff's request for Protection on that same day because, on April 14th, 2022, the plaintiff was sexually Assaulted AGAIN, taken to St. Vincents hospital in Indianapolis where semen was collected, again, and officials Still have not taken Disciplinary Action or filed Criminal Charges against the inmates who committed these acts against the Plaintiff. FurtherMORE, In order to establish prison officials' deliberate indifference in a case involving an alleged violation of the cruel and Unusual punishments clause of the Federal Constitution's 8th Amendment, plaintiff need not show that the officials acted, or failed to act, believing that harm actually would befall him, because, it is enough that the officials failed to act despite their knowledge of a Substantial risk of Serious harm and negligence is the failure to exercise the standard of care that a reasonably prudent person would have exercised in a similar

5

situation and the defendants owed a duty of care to the plaintiff for foreseeable risks of harm and that foreseeability is not defined simply by actual notice, but by actual and/or constructive notice — by what the defendants knew or had reason to know or ... what they were or should have been aware of ... the requisite foreseeability is as to a risk of harm or risk of inmate-on-inmate attack. Actual Notice or "proof of specific notice of time, place or manner of the risk" is not required. Sanchez v. City of New York, 99 N.Y. 2d 247, 255, 784 N.E. 2d 675, 680, 754 N.Y.S. 2d 621, 626 (N.Y. 2002). "A prisoner need not wait until he is actually assaulted before obtain relief .... The 8th Amendment protects against sufficiently imminent dangers as well as current unnecessary and wanton infliction of pain and suffering." Helling v. McKinney, 509 U.S. 25, 34, 113 S.Ct. 2475, 2481, L.Ed. 2d 22, 32 (1993). The defendants not only knew of the substatial risks of harm, they failed to prevent or remedy these harms and are therefore liable. Parker v. Landry, 935 F. 3d 9, 15 (1st Cir. 2019). And because of these sexual assaults the Plaintiff is suffering from unimaginable mental and emotional anguish, Nightmares and P.T.S.D., and sever depression as a result and is suing the Defendants in both their Personal and Official Capacities for $700,000 dollars per defendant for actions committed under Color of law in violation of the Plaintiffs 5th, 8th, and 14th Amendments of the federal Constitution.

Plaintiff also is demanding a Jury trial should this matter not be resolved by way of pre-trial settlement. Plaintiff is

6

is willing to settle this matter for $1.5 million dollars (or $300,000 per defendant).

Respectfully Submitted on this 21st day of September, 2022

*Wayne Wilkerson*
Wayne E. Wilkerson #260406
Miami Corr. Facility
3038 W. 850 South
Bunker Hill, IN
46914