UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WAYNE WILKERSON,

  Plaintiff,

  v.            CAUSE NO.: 3:22-CV-421-RLM-MGG

MIAMI CORRECTIONAL FACILITY,

  Defendant.

ORDER

Wayne Wilkerson, a prisoner proceeding without a lawyer, filed a motion for leave to amend his complaint. (ECF 9.) The court screened Mr. Wilkerson's original complaint and determined that it was subject to dismissal under 28 U.S.C. § 1915A. (ECF 8.) The court afforded him an opportunity to file an amended complaint, and he responded with the present filing.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.*

Mr. Wilkerson does not submit a proposed amended complaint with his motion, nor has he used the court's approved form for prisoner civil rights cases.[1] N.D. IND. L.R. 7-6 (requiring litigants without counsel to use clerk-supplied forms when available). His filing does not track the form and does not appear to be a complete document. Rather, he included additional allegations in the motion itself in an apparent effort to supplement his earlier-filed complaint. He cannot amend his complaint in this piecemeal fashion, because an amended complaint will supersede all earlier pleadings and control the case from that point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). The Local Rules of this District require that an amended pleading "reproduce the entire pleading as amended" rather than simply incorporating a prior pleading by reference. N.D. IND. L.R. 15-1. Even though he is proceeding without counsel, he is expected to comply with applicable procedural rules. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]").

Accordingly, his motion will be denied. In the interest of justice, the deadline will be extended for him to file an amended complaint should he choose to do so. If he files an amended complaint, he must use the court's approved prisoner complaint form, which is available in his prison's law library. He should put this case number on the form, complete all the questions on the form to the best of his ability, clearly identify

---

[1] He is evidently familiar with the form because he used it to draft his original complaint. (ECF 1.)

each defendant he is suing by name, and provide a factual basis for his claim against each defendant.

For these reasons, the court:

(1) DENIES the plaintiff's motion to amend (ECF 9);

(2) EXTENDS the deadline for the plaintiff to file an amended complaint to **November 7, 2022**; and

(3) CAUTIONS him that if he does not file an amended complaint by the deadline, this action is subject to dismissal without further notice for the reasons outlined in the screening order.

SO ORDERED on October 11, 2022.   s/Michael G. Gotsch, Sr.
　　　　　　　　　　　　　　　　　Michael G. Gotsch, Sr.
　　　　　　　　　　　　　　　　　United States Magistrate Judge